Filed March 11, 1884.

---

No. 10,790.

## HADLEY ET AL. *v.* HOOD ET AL.

FRAUDULENT CONVEYANCE.—*Mortgage.*— *Judgment.*—To a complaint by creditors to set aside a fraudulent conveyance, the grantee pleaded as a counter-claim that he took the deed in satisfaction of a mortgage on the land, taken in good faith, and praying protection as mortgagee. To this there was a general denial, and an answer that the mortgage was taken in fraud of creditors, and these issues, and also the issues on the original complaint, were found for the plaintiff.

*Held,* that a decree setting aside the deed and ordering a sale of the land free from any claim of the grantee was justified by the finding.

EVIDENCE.—*Harmless Error.*—To reject evidence tending to corroborate another witness as to a material fact in dispute, is a harmless error.

From the Wayne Circuit Court.

*W. A. Bickle,* for appellants.

*C. H. Burchenal, W. D. Foulke* and *J. L. Rupe,* for appellees.

BICKNELL, C. C.—The appellees were judgment creditors of Elwood Hadley. They brought this suit to set aside a deed made by Elwood Hadley to his co-defendant William B. Hadley.

Their complaint averred that after the debts of the plaintiffs had accrued, and when said Elwood Hadley was wholly insolvent, he had made said deed for the purpose of defrauding the plaintiffs and his other creditors ; that said deed was made without consideration and was accepted by said William B. Hadley with full knowledge of said fraudulent purpose. The

defendants severally demurred to the complaint and said demurrers were overruled.

The defendants severally pleaded the general denial.

The defendant William B. Hadley filed a cross complaint, alleging that before the rendition of said judgment, said Elwood Hadley was indebted to him, and to secure said indebtedness gave him a note and a mortgage on the property in controversy, which were given and received in good faith; that the value of the mortgaged property was less than the amount of said indebtedness, and that, in order to save the expense of foreclosure, said Elwood, before the rendition of said judgments, had executed the deed aforesaid, which said William B. had neglected to put on record in proper time, and that the whole transaction was in good faith, and without any knowledge by William B. Hadley of the said indebtedness of Elwood Hadley, and without intent to hinder, delay or defraud any of the plaintiffs. The cross complaint prayed that if the deed should be set aside, the mortgage might be declared a prior lien to the judgments of the plaintiffs, and to foreclose.

The plaintiffs answered the cross complaint in three paragraphs, to wit:

1st. A general denial.

2d. That said note and mortgage were paid and satisfied before suit brought.

3d. That said mortgage was without consideration, and was received by said William B. Hadley with knowledge that said Elwood Hadley was at the time insolvent.

The second and third paragraphs of the answer to the cross complaint were replied to by general denial.

The issues were tried by the court, who found for the plaintiffs on their complaint, and against the defendants on their cross complaint. Judgment was rendered upon the finding that the deed was fraudulent and void as to the plaintiffs, and that the land be sold free from all claims of said William B. Hadley, and the proceeds of the sale applied, first,

in payment of costs; secondly, in payment of the plaintiffs' judgments.

The defendants severally moved for a new trial for the following reasons:

1. That the finding was contrary to law.

2. That the finding was not sustained by sufficient evidence.

3. Error at the trial in excluding certain specified testimony of the defendants.

4. Error at the trial in refusing to permit the defendants to explain a statement made in their evidence given at their private examination before the trial.

The motions for a new trial were overruled. The defendants severally moved that said judgment be modified:

1. By striking out so much thereof as is in favor of the original plaintiffs upon their answer to the cross complaint of said William B. Hadley, because the same is not authorized by the issues, and because the rights of said William B., under said mortgage, ought not to be impaired, and because so much of said judgment is not prayed for nor authorized as to said original plaintiffs.

2. By confining said judgment to declaring said deed a fraud as to said plaintiffs only, and subject to the liens of their judgments, but not to set the same aside; to modify and set aside so much of said judgment as sets aside said deed, and to modify so much as declares said deed a fraud.

3. To modify said finding and judgment which orders a copy of decree to issue to sell said land.

4. To strike out so much of said judgment as required said property to be sold free of any claims of said William B. Hadley, because the same and all the foregoing specifications are illegal and improper, unwarranted by the issues and contrary to equity and justice.

These motions to modify the judgment were overruled. The defendants appealed. They assign as errors:

1. Overruling the several demurrers to the complaint.

2. Overruling the several motions for a new trial.

3. Overruling the several motions to modify the judgment.

4. That the complaint does not state facts sufficient to constitute a cause of action.

Of these specifications of error the first and fourth are not discussed in the appellants' brief, and are therefore regarded as waived.

As to the third specification of error, the cross complaint set up a mortgage as a valid lien prior to the liens of the plaintiffs' judgments, and prayed that if the deed should be set aside the mortgage might be foreclosed. To this the answer was that the mortgage was without consideration, and was taken by said William B. Hadley when the mortgagor was insolvent, and was known by him to be insolvent. Upon this issue was joined, and the finding was in favor of the original plaintiffs, both on the complaint and on the cross complaint. There was therefore no error in rendering judgment that the deed be set aside, and that the property be sold free of any claim of said mortgage, and the other motions to modify the judgment were properly overruled. And we think there was no available error in overruling the motion for a new trial.

The fourth reason for a new trial can not be considered, because the question sought to be presented thereby was not saved by an exception.

The third reason for a new trial relates to the exclusion of evidence. An examination of said Elwood Hadley and William B. Hadley had been made privately before the trial, and at the trial it was agreed that such examination, which had been taken down in writing, should be taken as their testimony. The plaintiffs, after introducing said examinations and other testimony, called as their last witness C. C. Binkley, who testified thus, " I had claims against Elwood Hadley in 1880. I settled them at twenty cents on the dollar, and he told me that he was directed by his attorney to take an assignment of the claim." This is all of his testimony as

given in its place in the bill of exceptions.   But the bill of exceptions afterwards states as follows:

"And during the progress of said trial, and after C. C. Binkley had testified, as written down by the court, that he had settled with William B. Hadley for a claim due to one of his clients, and that said William B. Hadley had paid him by his check at twenty cents on the dollar, the defendants, at the proper time, after the close of the plaintiffs' evidence, and while defendants were offering their evidence, and after said William B. Hadley had testified denying such settlement, offered to prove by said Elwood Hadley, who was then on the witness stand testifying, that it was he, said Elwood, who had settled with and paid said Binkley by William Hadley's check, to which plaintiffs objected, and the defendants stated to the court that the evidence of said Binkley had been offered, they supposed, to prove that said William B. Hadley had knowledge of said Elwood's failure, and was compromising his liabilities, and they could prove the fact as above stated by said Elwood, in that instance, that he, and not said William, settled with said Binkley, to corroborate said William, but the court sustained said objection, and refused to permit said witness to testify to said facts, to which ruling the defendants at the time excepted."   If there was any error in this ruling, it was a harmless error, which could not in any way have affected the result of the cause.   *Bunnell* v. *Studebaker*, 88 Ind. 338.   The first and second reasons for a new trial present the question as to the sufficiency of the evidence.

It may be said that there was a conflict in the testimony, because both the defendants testified that they had no intention to defraud, and William B. Hadley testified that when he took the deed he did not know of the existence of the debts of the creditors, whose names are stated in the complaint; but there was testimony tending to support the finding, and in such a case the judgment can not be disturbed. *Arnold* v. *Wilt*, 86 Ind. 367 ; *Kelly* v. *Lenihan*, 56 Ind. 448.

There is no available error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things, affirmed, at the costs of the appellants.

Filed March 12, 1884.