## PENSINGER ET AL. *v.* JARECKI MANUFACTURING COMPANY.

[No. 11,330. Filed October 10, 1922.]

1. FRAUDULENT CONVEYANCES. — *Creditor's Right to Attack Fraudulent Conveyance.—Judgment More than Twenty Years Old.—Validity.—Statutes.*—In an action to set aside an alleged fraudulent conveyance of real estate in order to subject it to the payment of a judgment, the complaint is not demurrable, under §307 Burns 1914, §305 R. S. 1881, providing that every judgment and decree of any court of record "shall be deemed satisfied after the expiration of twenty years," because the judgment relied on was more than twenty years old, since, even after that time, it remains a valid and subsisting obligation, if in fact, unpaid and unsatisfied. p. 571.

2. JUDGMENT.— *Satisfaction.— Action to Set Aside Fraudulent Conveyance.—Reliance on Judgment More than Twenty Years Old.—Nature of Action.*—An action to have set aside an alleged fraudulent conveyance of real estate, in order to subject it to the payment of a judgment more than twenty years old, is not an action upon a judgment of a court of record to which the twenty-year limitation, provided by §295, cl. 6, Burns 1914, §293 R. S. 1881, applies. p. 572.

3. EXECUTION.— *Fraudulent Conveyance.— Action to Subject Property Conveyed to Execution of Twenty Year Old Judg-*

ment.—*Nature of Action.*—*Statutes.*—An action to set aside an alleged fraudulent conveyance of realty, in order to subject it to the payment of a judgment more than twenty years old, is not a proceeding in the original action in which the judgment was rendered for leave to issue execution, upon motion, after notice to the adverse party, as provided by §717 Burns 1914, §675 R. S. 1881.  p. 572.

4.  JUDGMENT.—*Payment.*—*Presumption.*—*Lapse of Time.*—*Satisfaction of Judgment More than Twenty Years Old.*—*Statutes.*—It was not the legislative intent, by the enactment of §307 Burns 1914, §305 R. S. 1881, declaring that every judgment shall be deemed satisfied after the expiration of twenty years, that all judgments should not be enforceable after the lapse of twenty years, regardless of the fact that they may not have been satisfied, and, therefore, a judgment, even though more than twenty years old, could form the basis of a right to attack an alleged fraudulent conveyance, and, if successful, to have the same satisfied through a sale of the real estate involved.  p. 573.

5.  FRAUDULENT CONVEYANCES.—*Setting Aside.*—*Order of Sale.*—*Execution.*—*Statutes.*—A sale of real estate may be had, after an action to set aside an alleged fraudulent conveyance of realty in order to subject it to the payment of a judgment more than twenty years old, without recourse to a formal proceeding for leave to issue execution under §717 Burns 1914, §675 R. S. 1881, as a court of equity, on declaring a conveyance void as in fraud of creditors in an action to vacate it, may and will proceed to do full and complete justice by ordering a sale of the property under its own direction.  p. 574.

From Jay Circuit Court; *Alonzo L. Bales,* Special Judge.

Action by the Jarecki Manufacturing Company against Joseph Webster Pensinger and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*J. R. Fleming,* for appellants.

*Walter F. MacGinnitie, F. B. Jaqua* and *Moran & Gillespie,* for appellee.

BATMAN, C. J.—Judgment was rendered in this action in favor of appellee on its first paragraph of complaint, whereby it sought to have an alleged fraudulent

conveyance set aside, and the real estate attempted to be conveyed thereby subjected to the payment of a judgment in its favor against appellant Joseph Webster Pensinger, which it had theretofore recovered in the Jay Circuit Court on May 4, 1897. In the formation of the issues, appellants filed a demurrer to said first paragraph of complaint, which was overruled, and thereupon, they filed an answer in three paragraphs, consisting of a general denial, a plea of payment, and a paragraph based on the twenty year statute of limitations. The issues were closed by a reply in general denial to said affirmative paragraphs of answer. On the trial a special finding of facts was made, and conclusions of law stated thereon, which were followed by a judgment in favor of appellee, and this appeal.

Appellants contend that the court erred in overruling their demurrer to appellee's first paragraph of complaint. The only reason given by appellants

1. supporting this contention, in that part of their brief devoted to a statement of propositions or points, is the following: "The first paragraph of complaint discloses on its face, that on the date of the filing of the demurrer more than 20 years had elapsed since the rendition of the judgment." Based on this reason they have drawn the conclusion, that the court had no power to grant the relief sought, saying that the granting of such relief is limited to the life of the judgment. In view of the nature of the action, as stated above, the only reason for alleging the existence of the judgment in question was to show, that appellee was a creditor of appellant Joseph Webster Pensinger, and by reason of that fact had a right to attack the conveyance in question as fraudulent. Appellants in reaching the conclusion stated, evidently proceeded upon the theory, that, after the expiration of twenty years from its rendition, appellee's judgment, whether actually satisfied or not,

was without effect.   This is not the law, as was held in the case of *Odell* v. *Green* (1918), 72 Ind. App. 65, 121 N. E. 304, 122 N. E. 791.   The judgment, if unpaid and unsatisfied as alleged, being still in force notwithstanding its age, as shown by the averments of the paragraph of complaint under consideration, made appellee a creditor of said appellant Joseph Webster Pensinger, and, under the facts alleged, gave it the right to attack the alleged conveyance as fraudulent.   As appellants have waived any other defects, if such there be, in said paragraph of complaint, by failing to mention them in that part of their brief, devoted to a statement of propositions or points, we hold that no error is shown in overruling the demurrer thereto.

Appellants also contend that the court erred in stating its second conclusion of law, which is as follows:

"That the deed executed by the defendants, under 2, 3.   the name and style of Joseph W. Pensinger and Icy Pensinger, his wife, to the defendants, under the name and style of J. W. Pensinger and Isadora Pensinger, his wife, conveyed no title to the undivided one-eighth (1/8) of the lands described in said deed, which the defendant, Joseph Webster Pensinger, held under the 4th Item of the will of his father, the said Daniel Pensinger, and that in so far as said deed attempts to convey said interest or to divest the defendant, Joseph Webster Pensinger of said interest in said land, said deed is in law, void and of no effect, and that the plaintiff is entitled to have an execution on his judgment set out in his first paragraph of complaint and in these findings, and to have judgment accordingly."

They appear to base their contention in this regard on the fact, that the court found that the judgment, which appellee set up in its first paragraph of complaint as a basis for its right to attack the alleged fraudulent conveyance, was recovered on May 4, 1897, which shows

that more than twenty years have elapsed since its rendition.   As preliminary to a consideration of this contention it should be observed, that this is not an action upon a judgment, to which the twenty year limitation, provided in the sixth sub-division of §295 Burns 1914, §293 R. S. 1881, applies.   Nor is it a proceeding in the original action in which the judgment in question was recovered for leave to issue execution, upon motion, after notice to the adverse party, as provided in §717 Burns 1914, §675 R. S. 1881, as appellants state in their brief under the heading "Nature of the Action." *Coffin* v. *Pfau* (1915), 61 Ind. App. 384, 112 N. E. 21, 117 N. E. 869.   Judging the nature of the action, as we must, from the general character and scope of the complaint, it is clear to us that the paragraph, which forms the basis of recovery in the instant case, is one seeking to set aside an alleged fraudulent conveyance, in order to enforce a judgment against the real estate attempted to be conveyed thereby.   *Monnett* v. *Turpie* (1892), 132 Ind. 482, 32 N. E. 328; *Comegys* v. *Emerick* (1893), 134 Ind. 148, 33 N. E. 899, 39 Am. St. 245.

Appellants cite §307 Burns 1914, §305 R. S. 1881, in support of their contention, which provides that "every judgment and decree of any court of record of the United States, or of this or any other state, shall be deemed satisfied after the expiration of twenty years."   If the legislature intended, by the enactment of this section, that all such judgments and decrees should not be enforceable after the expiration of twenty years, regardless of the fact that they may not have been paid or satisfied, there would be merit in appellants' contention, since the existence of an indebtedness in favor of appellee was essential to its right to have the alleged conveyance set aside as fraudulent. *Whitney* v. *Marshall* (1894), 138 Ind. 472, 37 N. E. 964. However, such was not the legislative intent, as this

court in effect held in the case of *Odell* v. *Green, supra.* Therefore, the judgment in question, although more than twenty years had elapsed since the date of its recovery, could still form the basis of a right in appellee to attack the deed in question as fraudulent, and, if successful, to have the same satisfied through a sale of the real estate involved.

Such sale may be had, without recourse to formal proceedings under §717 Burns 1914, *supra,* as a court of equity, on declaring a conveyance of property 5. void as in fraud of creditors in an action to vacate it, may and will proceed to do full and complete justice by ordering a sale of the property under its own direction. 27 C. J. 852; *Vandever* v. *Hardy* (1875), 51 Ind. 499; *Simmons* v. *Busby* (1889), 119 Ind. 13, 21 N. E. 451; *Hadley* v. *Hood* (1884), 94 Ind. 119; *McNally* v. *White* (1899), 154 Ind. 163, 54 N. E. 794, 56 N. E. 214. We conclude that the court did not err in stating the conclusion of law under consideration. Appellants having failed to show any reversible error in the record, the judgment is affirmed.