**Eugene CONNELL, Appellant–Respondent,**

**v.**

**Mary (Connell) WELTY, Appellee–Petitioner.**

No. 49A02–9906–CV–400.

Court of Appeals of Indiana.

March 27, 2000.

John O. Moss, John O. Moss & Associates, Indianapolis, Indiana, Attorney for Appellant.

Judy Tyrrell, Tabbert Hahn Earnest & Weddle, P.C., Indianapolis, Indiana, Attorney for Appellee.

## OPINION

BAKER, Judge

Appellant-respondent Eugene Connell appeals the trial court's award of $34,618 in child award arrearage to appellee-petitioner Mary (Connell) Welty. Connell makes several specific arguments which we rephrase as follows: (1) the trial court erred in finding that Connell's support obligation extended until December 5, 1991; (2) that the doctrine of laches or the statute of limitations bars the enforcement of child support obligations in this case; and (3) that the judgment of the trial court is not supported by sufficient evidence, with the result that the award is excessive.[1]

## FACTS

Connell and Welty were divorced on August 16, 1976, and Welty was awarded custody of their two daughters, M.L. and S.D., then ages four and five respectively. The trial court ordered Connell to pay $40 per week in child support for the two girls. On October 9, 1981, the court found that the father owed a child support arrearage of $6,162. Father agreed to a wage assignment. On March 12, 1982, the court

---

1. Connell also makes a bare assertion, without argument or citation to authority, that Welty is not the proper party to bring a cause of action. Because he does not support this claim, we will not review it. Ind. Appellate Rule 8.3(A)(7).

increased child support to $55 per week, and an assignment of wages was entered. The child support modification order provided for an undivided amount of support for both children.

Two separate accounts were opened at the Marion County Child Support office to receive support payments from Connell, and Welty learned of only one such account when she solicited information from that office for this cause of action. That account was opened to handle payments to the arrearage, and it had taken in $4,812 in payments.[2] A second account had received payments totaling $18,615. Welty, having since learned of the second account, now concedes that the trial court's award should be reduced by $18,615.

S.D. last attended high school in January 1990 at age nineteen. She quit school prior to graduation and went to work part-time as a nurse's aide, earning $80 per week. She still lived with Welty and was supported by Welty beyond her twenty-first birthday on December 5, 1991.

M.L. gave birth to a baby on January 25, 1990 when she was eighteen years old. She dropped out of high school during her pregnancy and was supported by Welty until she married on December 31, 1990, at the age of nineteen.

Connell stopped paying child support on September 22, 1989 and quit his job, thus ending the wage assignment. On August 11, 1998, Welty filed the instant action to enforce child support.

A bench trial was held on February 1, 1999. On February 26, 1999 the court entered its judgment against Connell and in favor of Welty in the amount of $34,618. Connell filed a motion to correct errors which the trial court denied on April 26, 1999. Connell now appeals.

## DISCUSSION AND DECISION

### I. When Child Support Obligation Ended

Connell first contends that M.L. and S.D. were both emancipated prior to the date found by the court, which was December 5, 1991. Specifically, he contends that M.L. became emancipated at age eighteen, on October 1, 1989, because she had dropped out of high school. He also argues that S.D. was emancipated when she quit high school at age nineteen, in 1989, and began working as a part-time nurse's aide.

We note initially that, in reviewing a trial court's determination regarding the date of emancipation, we will neither reweigh the evidence nor reassess the credibility of witnesses, and we will not set aside the finding of the trial court unless it is clearly erroneous. *Brancheau v. Weddle*, 555 N.E.2d 1315, 1317 (Ind.Ct.App. 1990). We will not reverse unless there is a total lack of supporting evidence or the evidence is undisputed and leads solely to a contrary conclusion. *Id.*

Furthermore, pursuant to I.C. § 31–16–6–6(a), the duty to support a child continues until the child becomes twenty-one years of age unless one of the following conditions occurs:

(1) The child is emancipated before becoming twenty-one (21) years of age. . . .

(2) The child is incapacitated.

(3) The child:

(A) is at least eighteen (18) years of age;

(B) has not attended a secondary or postsecondary school for the prior four (4) months and is not enrolled in a secondary or postsecondary school; and

(C) is or is capable of supporting himself or herself through employment.

In order to find that a child is emancipated under I.C. § 31–16–6–6(a)(1), the court must find that the child has joined the armed services or married, or that the child is not under the care and

2. We round all amounts to the nearest dollar.

control of either parent or an individual or agency approved by the court. I.C. § 31–16–6–6(b). Furthermore, the party seeking to have a child declared emancipated prior to age twenty-one under the criteria of I.C. § 31–16–6–6(a)(3) bears the burden of proving the capacity of self-support. *Marshall v. Marshall,* 601 N.E.2d 9, 12 (Ind.Ct.App.1992) (discussing prior version of this statute, I.C. § 31–1–11.5–12(d)(3)). Finally, when a parent is obligated to pay a specified amount of undivided support for more than one child, that amount must be paid until either the support payments are modified or all of the children are emancipated. *Kirchoff v. Kirchoff,* 619 N.E.2d 592, 596 (Ind.Ct.App.1993). A parent desiring a reduction of the undivided support order as the children become emancipated must petition the court to modify its original order. *Id.*

In this case, because the child support order was undivided and Connell never petitioned to modify it, the order continued until both children were emancipated. The evidence reveals that M.L. was born on October 1, 1971. She left high school at age seventeen and bore a child on January 25, 1990. Record at 126. She lived with Welty at that time. R. at 126. She married when she was nineteen years old, on December 31, 1990. R. at 126. Thus, by statute she was emancipated on December 31, 1990. Connell contends that she was emancipated at age eighteen. However, he did not petition the court to declare her emancipated prior to her marrying.

S.D. left high school at age nineteen, in January, 1990. R. at 117. She worked part-time as a nurse's aide, earning $80 per week. R. at 151–52. She continued to live at home and be supported by Welty until beyond her twenty-first birthday on December 5, 1991. R. at 120, 154. Connell does not carry his burden of demonstrating that S.D. was supporting herself through employment or was capable of doing so prior to her twenty-first birthday. Thus, I.C. § 31–16–6–6(a)(3)

above cannot apply to her. Nor does I.C. § 31–16–6–6(a)(1) apply because the court did not find that S.D. was married, in the armed forces, or no longer under the care and control of either parent or an individual or agency approved by the court. Rather, it found that she was emancipated only upon her twenty-first birthday. R. at 58. Finally, I.C. § 31–16–6–6(a)(2) applies to neither S.D. nor M.L. because they were not incapacitated.

Connell never petitioned the court to declare the emancipation of either daughter following the dates on which he now contends they were emancipated. Instead, he unilaterally stopped making payments on September 22, 1989. R. at 181. However, Connell's undivided child support obligation continued until both children were emancipated on December 5, 1991. *See Kirchoff,* 619 N.E.2d at 596. We find that the trial court did not err in finding that this was the date on which Connell's child support obligation ceased.

## II. *Doctrine of Laches/Statute of Limitations*

Connell next asserts that the doctrine of laches and the statute of limitations should apply to bar recovery for any arrearage. Specifically, he maintains that Welty did not assert her right until the children involved were ages twenty-six and twenty-seven respectively. He cites IND.CODE § 34–11–1–2 which provides that a cause of action arising before September 1, 1982 and not limited by any other statutes must be brought within fifteen years, and a cause arising after that date must be brought within ten years. Thus, Connell maintains that any of Welty's claim arising before September 1, 1982 was barred in 1997 and that any part arising after September 1, 1982 was barred ten years from the corresponding date. He argues that Welty cannot find support in I.C. § 34–11–2–10, the statute of limitations on child support matters, because that statute was

effective only on July 1, 1998.[3]

We note initially that we have already found the doctrine of latches does not apply in cases demanding payment of child support arrearages. *Knaus v. York,* 586 N.E.2d 909, 914 (Ind.Ct.App.1992)(doctrine of laches "simply does not apply to child support cases"); *In re Marriage of Truax,* 522 N.E.2d 402, 407 (Ind.Ct.App. 1988) (despite eight years having elapsed before parent brought case for arrearages, this court would not attribute parent's delay to children).

We next turn to the question of statutory limitations. As Connell points out, I.C. § 34–11–2–10 was not in effect when both children were emancipated and the last support payment was due in 1991. Therefore, he argues that Welty cannot benefit from this statute.

We observe initially that I.C. § 34–11–2–10 is a recodification of I.C. § 34–1–2–1.6, which was enacted and given emergency effect on May 8, 1995. Furthermore, we note the general rule with respect to statutes of limitation: "the period of limitation in effect at the time the suit is brought governs in an action even though it may lengthen or shorten an earlier period of limitation." *State v. Hensley,* 661 N.E.2d 1246, 1249 (Ind.Ct.App.1996) ("First Rule"). However, a new statute of limitations cannot revive a claim which was foregone under the prior statute of limitations before passage of the new one. *See Indiana Dept. of State Revenue, Inheritance Tax Div. v. Puett's Estate,* 435 N.E.2d 298, 301 (Ind.Ct.App.1982) ("[I]f the plaintiff's suit was barred by the running of a statute of limitations prior to the extension of the limitations period, the subsequent statute cannot revive the defendant's liability")("Second Rule").

We agree with Connell that, prior to the enactment of I.C. § 34–1–2–1.6 (now I.C. § 34–11–2–10), the relevant statute of limitations was I.C. § 34–11–1–2, which allows a plaintiff to bring claims arising after September 1, 1982 and not limited by any other statute within 10 years of the date it arises. We note in addition that the limitations period for collecting delinquent child support begins to run on each installment of child support as it becomes due and unpaid. *Haton v. Haton,* 672 N.E.2d 962, 963–63 (Ind.Ct.App.1996), *trans. denied.*

In this instance, we find when we apply the First Rule that the appropriate statute of limitations, at the time Welty brought her action, was I.C. § 34–11–2–10. Under this statute, she was permitted ten years from the time of her daughter's eighteenth birthdays, as we have found that neither daughter was emancipated before her eighteenth birthday. Welty brought her action when her daughters were twenty-five and twenty-six years old, and Connell acknowledges this fact. Thus, Welty meets the requirement of bringing her action within ten years of her children's eighteenth birthdays.

In applying the Second Rule, we note that Welty charged arrearages from as early as 1981. Prior to I.C. § 34–1–2–1.6 going into effect on May 8, 1995, the statute of limitations governing her claims for child support arrearages was I.C. § 34–11–1–2, which would have barred all claims more than ten years old, that is, all claims prior to May 8, 1985. Thus, Welty may only bring a cause of action concerning those delinquent payments for which the statute of limitations had not already run prior to the enactment I.C. § 34–1–2–1.6. Welty may therefore bring claims for payments due after May 7, 1985 up to the date of the last payment due, ending December 5, 1991.

---

**3.** I.C. § 34–11–2–10 provides:
An action to enforce a child support obligation must be commenced not later than ten (10) years after:
   (1) the eighteenth birthday of the child; or
   (2) the emancipation of the child; whichever occurs first.

*III. Error in Award Calculation*

Connell next contends that the evidence is insufficient to support the trial court's judgment and that the amount of the award is excessive. Specifically, he notes that he made payments to one account for arrearages and to another account for current child support and that the trial court did not credit Connell for payments made to the second account totaling $18,615.

While we might be inclined to remand to the trial court with instructions to recalculate child support in light of the welter of records from the Marion County Clerk Support System, we will shorten this dispute by doing the arithmetic involved ourselves. The record reveals that on October 9, 1981 the trial court found Connell in arrears in the amount of $6,162. From October 9, 1981 through December 5, 1991, Connell owed an additional $28,670, for a total of $34,832.[4] However, Welty now concedes that Connell made payments into a second account (# 40–00–1882–3) which totaled $18,615. The record confirms this figure. R. at 176. Connell also made payments to another account (# 00–00–1882–9) totaling $4,812, as Welty acknowledged. Appellee's brief at 3. Thus, Welty concedes payments totaling $23,427. Furthermore, Connell testified that the record in evidence reflected all of his payments. R. at 185–86. The difference between what the record shows Connell paying and what he owed is thus $11,405.

Applying our Second Rule, we note that Welty may recover any payment due after May 7, 1985. The total child support accruing from that date through December 5, 1991 is $18,810 (342 weeks at $55 per week). The record reveals that Connell only owes $11,405 for the entire period of arrearage. Thus, he has already paid a certain portion of the $18,810 which Welty can recover under the Second Rule. On the other hand, no amount of the $11,405 which Connell still owes falls outside the time period between May 8, 1985 and December 5, 1991. Accordingly, Welty may recover that entire amount. For these reasons, we reverse and remand with instructions to order payment of $11,405. Finally, we order interest to accrue on the modified judgment.

## CONCLUSION

We affirm the trial court's finding that Connell's child support obligation extended to December 5, 1991 when both M.L. and S.D. were emancipated. We further find that the doctrine of laches and the relevant statute of limitations do not bar the enforcement of child support obligations. We thus affirm the trial court's judgment in all parts, except that we reverse and remand with instructions to enter the modified award we have described here and to order interest to accrue.

Judgment reversed and remanded in part and affirmed in part.

SULLIVAN, J., and STATON, J., concur.

---

4. These calculations take account of the change in ordered payment from $40 per week to $55 per week beginning March 12, 1982 through December 5, 1991.