819 N.E.2d 525 (2004)
In re the PATERNITY OF J.C.,
Carson K. Carlisle Libbert, Appellant,
v.
Michael L. Van Winkle, Appellee.
No. 87A05-0406-JV-293.
Court of Appeals of Indiana.
December 21, 2004.
*526 Stephanie S. Brinkerhoff Riley, Brinkerhoff Riley, Evansville, IN, Attorney for Appellant.
Michael Van Winkle, Lynnville, IN, pro se.

OPINION
RILEY, Judge.

STATEMENT OF THE CASE
Appellant, Carson K. Carlisle Libbert (Mother), appeals the trial court's Paternity Entry ordering the surname of the parties' nonmarital child to be changed to that *527 of Appellee, Michael L. VanWinkle (Father).
We reverse and remand.

ISSUES
Mother presents one issue on appeal: whether the trial court abused its discretion in ordering the surname of the parties' nonmarital son to be changed to that of Father.

FACTS AND PROCEDURAL HISTORY
The parties' nonmarital child, J.C. (the child), was born on July 27, 1997.[1] On August 15, 1997, Mother filed a Petition to Establish Paternity, and on September 4, 1997, the trial court conducted a hearing on her petition. Both parties were present at the hearing and advised the trial court that an agreement had been reached with respect to child support, custody, visitation, insurance, and the child's name. Specifically, the agreement stated that the child was to retain Mother's maiden name. The trial court elicited testimony to ensure that both parties consented to the agreement, and on September 12, 1997, the court issued a Paternity Entry adopting the agreement of the parties. Over the next six years, the parties returned to court several times for hearings on petitions filed by Mother to modify Father's child support obligation and visitation schedule, but the child's surname was not an issue at any of these hearings.
Mother got married on September 6, 2003. On February 26, 2004, at a hearing on Mother's Petition to Modify Support, Father filed a Motion for Change of Minor Child's Name. In his motion, Father requested that the trial court change the child's surname from "Carlisle" to "VanWinkle" because Mother had gotten married and no longer had the child's current surname and because he had a "protectable interest in the child bearing his last name pursuant to common law and as a matter of statute." (Appellant's App. p. 28). On March 4, 2004, the trial court held a hearing on Father's motion. On March 22, 2004, the trial court issued an order granting Father's request that the child's surname be changed to "VanWinkle."
Mother now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION
Mother contends that the trial court abused its discretion in ordering the surname of the parties' non-marital son to be changed to that of Father. Specifically, Mother asserts that the trial court ignored the proper standard to be used in deciding this question. We agree.
At the outset, we note that Father did not file an appellee's brief. When an appellee does not submit a brief, an appellant may prevail by establishing a prima facie case of error, i.e., error at first sight, on first appearance, or on the face of it. Brower Corp. v. Brattain, 792 N.E.2d 75, 77 (Ind.Ct.App.2003). By using a prima facie error standard, this court is relieved of the burden of developing arguments for the appellee. Id.
It is well settled in Indiana that a biological father seeking to obtain the name change of his nonmarital child bears the burden of persuading the court that the change is in the best interest of the child. See, e.g., In re Paternity of Tibbitts, 668 N.E.2d 1266, 1267 (Ind.Ct.App.1996), trans. denied; Paternity of M.O.B., 627 N.E.2d 1317, 1318 (Ind.Ct.App.1994). Absent evidence of the child's best interests, the father is not entitled to obtain a name change. Tibbitts, 668 N.E.2d at 1267. We *528 review the trial court's order in such cases under an abuse of discretion standard. Id. An abuse of discretion will be found only where the decision is clearly against the logic and effect of the facts and circumstances before the court or the court has misinterpreted the law. Id. We will not reweigh the evidence, and will view the evidence in the light most favorable to the appellee. Id.
Here, the trial court did not reach the question of the child's best interest; instead, the court granted Father's petition because it was "unable to find any agreement by the father to the child retaining Carlisle as a last name." (Appellant's App. p. 65). Mother contends that the trial court's decision was an abuse of discretion because there is clear evidence that Father did, in fact, agree to the child retaining Mother's last name and, in any event, whether Father agreed to the child's retention of Mother's surname is not the proper analysis to apply in making the name change determination.[2]
Mother then attempts to persuade us that Father should be required to show not merely that changing the child's surname to his own would be in the best interest of the child, but also that there has been a significant change in circumstances since the trial court's initial determination, in 1997, that the child would retain Mother's surname. This more difficult burden is imposed most notably in the context of modification or revocation of child support or maintenance orders. See Ind.Code § 31-16-8-1(1) (mandating that modification of child support or maintenance orders may be made only "upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable"). Mother argues that because Father is seeking to modify the surname that was previously determined, by implication, to be in the child's best interest, Father should also be required to demonstrate a substantial change of circumstances warranting the name change. While this is a novel argument, Mother provides no authority to support the imposition of this additional burden and we decline her invitation to impose it under these circumstances.
We agree, however, that the trial court abused its discretion in ignoring the proper standard to be applied in deciding this question, i.e., the best interest of the child. Particularly in light of our less stringent standard of review, we reverse and remand, finding that Mother has made a prima facie case of error. See Brower Corp., 792 N.E.2d at 77. On remand, the trial court may properly consider, inter alia, whether the child holds property under a given name, whether the child is identified by public and private entities and community members by a particular name, the degree of confusion likely to be occasioned by a name change and (if the child is of sufficient maturity) the child's desires. See Paternity of M.O.B., 627 N.E.2d at 1318-19. Given Father's particular concern with Mother having a surname different from that of the child, obviously the trial court will want to take this additional factor into consideration in determining *529 whether retaining Mother's name is in the best interest of the child.

CONCLUSION
Based on the foregoing, we reverse the trial court's order changing the child's surname and remand with instructions to the trial court to determine whether the name change is in the best interest of the child.
Reversed and remanded.
CRONE, J., and VAIDIK, J., concur.
NOTES
[1] Given our disposition of this matter, we refer to the child as J.C.
[2] Included in the Record on Appeal is the transcript from the initial paternity hearing in 1997, at which both parties were present and at which the following testimony was elicited:

Court: ... [N]ame?
[Mother's counsel]: The child's gonna retain its current name?
[Mother]: Um hum.
Court: Stays with the current name?
[Mother]: Yes.
Court: [J.C.]?
[Mother]: Um hum.
Court: Okay. Good enough. Thank you.
(Transcript pp. 14-15). Father remained silent throughout this exchange.