877 N.E.2d 826 (2007)
In re the PATERNITY OF S.J.J.
Patrick Burns, Appellant-Respondent,
v.
Lesia Johnson, Appellee-Petitioner.
No. 84A01-0707-JV-298.
Court of Appeals of Indiana.
December 11, 2007.
*827 John A. Kesler II, Terre Haute, IN, Attorney for Appellant.

OPINION
MAY, Judge.
Patrick Burns appeals the calculation of the support arrearage he owes to the mother of their 26-year-old daughter. We affirm.

FACTS AND PROCEDURAL HISTORY
Lesia Johnson gave birth to S.J.J. on October 31, 1980. On October 23, 1986, a court determined Burns was the father of S.J.J. and ordered him to pay $25.00 per week in child support beginning October 31, 1986. Burns paid child support for approximately one year after that court order and again sporadically in the early 1990s. S.J.J. was emancipated in July 1999.
On December 28, 2005, Johnson asked the court to determine any child support arrearage. At the hearing, Burns argued a ten-year statute of limitation prohibited Johnson from collecting unpaid support that accrued prior to December 28, 1995. The court's order provided, in pertinent part:
The Court now finds that pursuant to I.C. XX-XX-X-XX and Garcia v. Garcia, 789 N.E.2d 993 (Ind.App.2003) citing Connell v. Welty, 725 N.E.2d 502 (Ind. App.2000) that mother's claim to seek *828 delinquent child support payments from 1987 until the child was legally emancipated, that date being July 1, 1999, is not barred by the statute of limitations as argued by father.
The Court finds that on May 15th 1987, the Court determined that the father had an arrearage of $655.00 as of May 12th, 1987, this Court determined the arrearage from that date forward. Because neither party provided an arrearage calculation, only the support docket, the Court has calculated the arrearage. It is Ordered that father's child support arrearage owed to mother is in the amount of $13,577.00. The Court notes that for the last 7 years of father's support obligation he failed to pay any child support.
(App. of Appellant at 4) (emphases in original).

DISCUSSION AND DECISION
We begin by noting Johnson has not filed a brief in response to Burns' appeal. When an appellee does not file a brief, "an appellant may prevail by establishing a prima facie case of error." In re Paternity of J.C., 819 N.E.2d 525, 527 (Ind.Ct.App.2004). Prima facie errors are those appearing "at first sight, on first appearance, or on the face of it." Id. Application of this standard relieves us of the burden of developing arguments for the appellee. Id.
Burns argues he could not be liable for support payments due more than ten years prior to Johnson's petition on December 28, 2005. Because the issue he raises involves statutory construction, we review the trial court's decision de novo. Porter Development, LLC v. First Nat. Bank of Valparaiso, 866 N.E.2d 775, 778 (Ind.2007). Our goal is to give effect to the legislature's intent, and our primary source for determining its intent is the language in the statute. Id.
Indiana's general rule is "`the period of limitation in effect at the time the suit is brought governs in an action even though it may lengthen or shorten an earlier period of limitation.'" Connell v. Welty, 725 N.E.2d 502, 506 (Ind.Ct.App.2000) (quoting State v. Hensley, 661 N.E.2d 1246, 1249 (Ind.Ct.App.1996)) (referred to in Connell as the "First Rule"). The statute of limitation in effect when Johnson brought her suit for collection of child support arrearages is found in Ind.Code § 34-11-2-10:
An action to enforce a child support obligation must be commenced not later than ten (years) after:
(1) the eighteenth birthday of the child; or
(2) the emancipation of the child;
whichever occurs first.
S.J.J.'s eighteenth birthday occurred first, on October 31, 1998. Therefore, Johnson had ten years from S.J.J.'s eighteenth birthday, or until October 31, 2008, to bring a proceeding to enforce Burns' support obligation. Her petition was timely filed on December 28, 2005.
Ind.Code § 34-11-2-10 is a 1998 recodification of Ind.Code § 34-1-2-1.6, which was enacted and given emergency effect on May 8, 1995. Pursuant to that statute, the collection of any child support that accrued on or after May 8, 1995, is limited only by the filing of the action within ten years of the first of two events: the child's eighteenth birthday or the child's emancipation. As long as the filing is timely, the statute does not limit the number of years for which support could be collected.[1]
*829 To determine how we treat support payments accrued prior to May 8, 1995, we turn to the "Second Rule" announced in Connell: "a new statute of limitations cannot revive a claim which was foregone under the prior statute of limitations before passage of the new one." 725 N.E.2d at 506. "Prior to I.C. § 34-1-2-1.6 going into effect on May 8, 1995, the statute of limitations governing . . . claims for child support arrearages was I.C. § 34-11-1-2, which would have barred all claims more than ten years old, that is, all claims prior to May 8, 1985." Id. Therefore, Johnson may not collect any child support payments that accrued prior to May 8, 1985. See id.
Burns' first child support payment was due October 31, 1986. Accordingly, any unpaid child support may still be collected. The trial court did not err in so finding. As Burns alleges no other error in the court's calculation of his arrearage, we affirm in all respects.
Affirmed.
DARDEN, J., and CRONE, J., concur.
NOTES
[1] Burns argues: "Surely the doctrine of laches applies." (Br. of Appellant at 12.) It does not. See Connell, 725 N.E.2d at 506 ("We note initially that we have already found the doctrine of laches does not apply in cases demanding payment of child support arrearages.") Neither could Johnson's failure to pursue the support from Burns have waived S.J.J.'s right to the money. See In re Marriage of Truax, 522 N.E.2d 402, 407 (Ind.Ct.App. 1988) (although parent waited years to enforce right to arrearages, we could not attribute the parent's delay to the child), trans. denied.

Furthermore, Burns' reliance on Kuhn v. Kuhn, 273 Ind. 67, 402 N.E.2d 989 (1980), is misplaced. Kuhn held the statute of limitation began to run on each payment of child support when it became due. Id. at 991. However, Kuhn was decided when the statute of limitation for child support payments was fifteen years. Id. Because the legislature has modified the limitation period by enacting a new statute, Kuhn no longer controls. Similarly irrelevant is Haton v. Haton, 672 N.E.2d 962 (Ind.Ct.App.1996), trans. denied 683 N.E.2d 586 (Ind.1997), which discussed child support payments that had accrued prior to October 1979, when a different statute controlled the limitation period.