ATTORNEYS FOR APPELLANT
Steve Carter
Attorney General of Indiana

Frances H. Barrow
Deputy Attorney General

Elizabeth Rogers
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Joseph W. Hammes
Tabbert, Hahn, Earnest & Weddle, LLP
Indianapolis, Indiana

## In the
## Indiana Supreme Court

No.  49S05-0707-CV-290

STATE OF INDIANA,                                                    *Appellant,*

v.

UNIVERSAL OUTDOOR, INC.,                                    *Appellee*.

Appeal from the Marion Superior Court, No. 49D03-0408-PL-1466
The Honorable Patrick McCarty, Special Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A05-0609-CV-536

**February 21, 2008**

**Dickson, Justice.**

In this eminent domain proceeding initiated by the State of Indiana against Universal Outdoor, Inc., owner of a billboard leasehold interest, the trial court entered an order of appropriation, and the appointed appraisers concluded that Universal sustained damages of $243,800 from the appropriation.  The trial court, finding that neither party filed exceptions during the statutory exceptions period, granted judgment for Universal in the amount of the appraisers' award.  The State appeals, asserting that its exceptions were timely filed.  The Court of Appeals

reversed.  State v. Universal Outdoor, Inc., 864 N.E.2d 403 (Ind. Ct. App. 2007).  We granted transfer.

The parties dispute the proper application of conflicting statutory provisions.  Pursuant to Indiana Code § 32-24-1-11, after the appraisers file their report, either party may file exceptions to the appraisal.  But the provisions prescribing the time limitations for filing these exceptions appear to be inconsistent:

> (a)     Any party to an action under this chapter aggrieved by the assessment of benefits or damages may file written exceptions to the assessment in the office of the circuit court clerk.  *Exceptions to the assessment must be filed not later than twenty (20) days after the filing of the report.*
> * * * *
> (c)     Notice of filing of the appraisers' report shall be given by the circuit court clerk to all known parties to the action and their attorneys of record by certified mail.  *The period of exceptions shall run from and after the date of mailing.*  Either party may appeal a judgment as to benefits or damages as in civil actions.

Ind. Code § 32-24-1-11 (2004) (emphasis added).  Clarification defining the precise exception period is crucial because the failure to file exceptions within the articulated time frame deprives the trial court of jurisdiction to hear the issue of damages.  Lehnen v. State, 693 N.E.2d 580, 582 (Ind. Ct. App. 1998), *trans. denied,* 706 N.E.2d 169 (Ind. 1998).  If no exceptions are timely filed, the appraisers' award in the filed report becomes final.  *Id.*

On February 3, 2006, the three appointed appraisers submitted their report to the court.  Universal filed its exceptions on February 13, and the State filed its exceptions on February 16.  Then, on March 9, after both parties had filed their exceptions, the clerk sent the certified mail notice required by subsection (c) that the appraisers' report had been filed.  Finding that the period of time within which to file exceptions did not begin to run until March 9, 2006, when the clerk's notice was sent by certified mail, the trial court concluded that both parties' exceptions were premature and thus untimely.  The Court of Appeals disagreed, ruling that "exceptions are timely if filed within twenty days of the filing of the appraisers' report but no later than twenty days after the clerk sends notice of the appraisers' report to the parties" and it reversed and remanded for consideration of both parties' exceptions.  Universal Outdoor, 864 N.E.2d at 407.

2

We agree with the reversal and remand, but granted transfer to revisit and clarify the window of time during which a party may file exceptions to the appraisers' report.

Both the State and Universal support their positions with established rules of statutory interpretation. Universal asserts that the trial court properly found that exceptions must be filed only within the twenty-day period <u>after</u> the clerk mails notice that the report was filed. Universal emphasizes the rule that, where two statutes are repugnant in any of their provisions, the later enacted statute controls and serves to repeal the earlier provision in conflict. <u>Bd. of Trs. of Ind. Pub. Employees' Ret. Fund v. Grannan</u>, 578 N.E.2d 371, 375 (Ind. Ct. App. 1991), *trans. denied*, *citing* <u>Southwest Forest Indus. v. Firth</u>, 435 N.E.2d 295, 297 (Ind. Ct. App. 1982), *trans. not sought*.

Prior to 1973, the statutory exception period was "within ten (10) days after the filing" of the appraisers' report.[1] In 1973, the statute was amended to change ten days to twenty days, to add a requirement that the court clerk sent certified mail notices of the filing of the appraisers' report to all parties, and to add a sentence declaring:"The period of exceptions shall run from and after the date of mailing."[2] This amended statute was repealed in 2002, and reenacted in its present form as Ind. Code § 32-24-1-11,[3] which included the "twenty days after filing" language as subsection (a) and the "run from and after the date of mailing" language as subsection (c).

While the language of subsection (c) was enacted later than that of subsection (a), we find an ambiguity in subsection (c)'s phrase "run from and after." Was this language intended to create a new starting point for the exception period or was it added merely to extend the prior exception period to assure that each party had at least twenty days after the clerk notified the parties of the filing of the appraisers' report? Helpful insight is found in <u>Southern Ind. Gas & Elec. Co. v. Decker</u>, 261 Ind. 527, 307 N.E.2d 51 (1974), a condemnation action brought by a public utility to acquire an easement for electrical transmission lines. In August of 1969, six days after the filing of the appraisers' report, the landowner obtained a ten-day extension of time in which

---

[1] Ind. Code § 32-1-11-8 (1971).
[2] Ind. Code § 32-11-1-8 (Supp. 1973); 1973 Ind. Acts 80-1.
[3] 2002 Ind. Acts 307; P.L. 2-2002, Sec. 9.

3

to file objections to the appraisers' report, on grounds that the landowner had not been given any notice of the filing of the report. From the resulting jury verdict awarding damages almost three times the amount in the appraisers' report, the utility initiated an appeal to this Court in 1971. During the twenty-three months that the case was pending in this court, the Indiana General Assembly enacted the statutory changes that added the "run from and after" language now found in subsection (c). When the opinion was finally issued in February, 1974, it reversed the trial court's extension of time, noting consistent existing precedent that, unless exceptions are filed within the statutory period, there is no jurisdiction to try the issue of damages. Due to the timing and circumstances of Decker, we believe that its facts and circumstances likely played a significant role in influencing the Indiana General Assembly to amend the statute so as to require county clerks to provide formal notice to each party of the filing of appraisers' reports, and to extend the time for filing exceptions to twenty days after the mailing of such notice.

Such an understanding of the two subsections is consistent with the rules guiding statutory construction. A court's first task in statutory interpretation is to attempt to harmonize two conflicting statutes. Grannan, 578 N.E.2d at 375. "So long as two statutes can be read in harmony with one another, we presume that the Legislature intended for them both to have effect." Burd Mgmt., LLC v. State, 831 N.E.2d 104, 108 (Ind. 2005). And, while the latter of two repugnant statutes will control and operate to repeal the earlier to the extent of the repugnancy, such implied repeal should be recognized "only when a later act is so repugnant to an earlier one as to render them irreconcilable, and a construction which will permit both laws to stand will be adopted if at all possible." Grannan, 578 N.E.2d at 375, *quoting* Northern Ind. Publ. Serv. Co. v. Citizens Action Coalition of Ind., Inc., 548 N.E.2d 153, 159 (Ind. 1989). Where possible, if conflicting portions of a statute can be reconciled with the remainder of the statute, every word in the statute must be given effect and meaning, with no part being held meaningless. Noble County Bd. of Comm'rs v. Fahlsing, 714 N.E.2d 1134, 1136 (Ind. Ct. App. 1999), *trans. denied,* 735 N.E.2d 225 (Ind. 2000).

Subsection (a), in prescribing that the exception period expires twenty days after the filing of the appraisers' report, rather than after the clerk's mailing a notice of such filing, amounts to a clear inconsistency with subsection (c). This repugnancy as to the end of the exception pe-

riod cannot be harmonized in such a way as to give the unambiguous words of each subsection their intended meaning. Thus, as to the end of the exception period, we hold that subsection (c), the later enactment, must prevail. As to the commencement of the exception period, however, both subsections (a) and (c) can be construed in harmony. As noted above, the "run from and after the date of mailing" language now found in subsection (c) is ambiguous and may reasonably be understood not to alter the beginning of the exception period stated in subsection (a).

Further, the parties provide no persuasive rationale for prohibiting the filing of exceptions between the time of the appraisers' report is filed and the date of the clerk's certified mail notification to the parties of such filing. To the contrary, it appears that filing before the clerk sends notice will not prejudice any party, and prompt filing of exceptions will promote efficient judicial administration.

For these reasons, we hold that the exception filing period commences with the filing of the appraisers' report, in accordance with subsection (a), and ends twenty days after the court clerk's mailing of notice of filing of the report to the parties, as prescribed in subsection (c).

We reverse the judgment of the trial court and remand for further proceedings on the parties' filed exceptions.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

5