John Edward SKOLAK, Appellant–
Respondent,

v.

Linda SKOLAK, Appellee–Petitioner.

No. 64A05–0805–CV–289.

Court of Appeals of Indiana.

Nov. 5, 2008.

Sheldon H. Cohan, Merrillville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

John Edward Skolak appeals the trial court's order finding that the State's action to collect child support arrearage was not untimely.

We reverse.

### ISSUE

Whether the statute of limitations bars the State's action to collect child support

payments eighteen years after the last payment was made in 1989.[1]

## FACTS

Skolak and Linda Skolak ("Mother") were married in 1970. There were five children born of the marriage. The youngest, S.S., was born on September 4, 1978. On September 23, 1983, Wife filed a petition for dissolution. Beginning in November of 1983, Wife received welfare benefits from the county. On March 2, 1984, the trial court issued its decree of dissolution. Therein, the trial court ordered Skolak to pay child support to the Clerk in "the sum of $50.00 per week commencing March 9, 1984, which said funds shall go to the reimbursement of the funds expended by the Department of Public Welfare." (App. 7).

On August 20, 2007, the county Title IV–D Prosecutor, on behalf of the State of Indiana, filed against Skolak a petition to determine the amount of child support arrearage pursuant to the dissolution decree entered in March 2, 1984.[2] In his response, Skolak argued that the action was time-barred by the statute of limitations and, in addition, the affirmative defense of laches.

On January 17, 2008, the trial court held a hearing on the petition. The State submitted into evidence records showing public assistance payments made to Mother from November of 1983 through April of

1989, with no reimbursement of payments made by Skolak thereon; as well as a demonstrative exhibit reflecting that a lapse of 263 weeks at $50 per week resulted in a total arrearage of $13,150. At the close of the hearing, the trial court took the matter under advisement and allowed the parties to submit further authority on the statute of limitations issue.

On February 14, 2008, the trial court held that the "State's attempt to collect child support arrearages [wa]s not time barred," and that the arrearage as of March 1, 1989, was $13,150.00, and entered judgment in that amount. (App. 10). Skolak filed a motion to correct errors, arguing that the State's claim was "time-barred since 18 years have elapsed since the last payment by the State until it brought its petition to determine arrearage," and the State was "guilty of laches in this matter." (App. 19, 20). The trial court denied Skolak's motion.

## DECISION

 Skolak argues that the applicable statutes of limitation bar the State's action of August 20, 2007, to determine and collect an arrearage of his court-ordered child support payments. We agree.

The issue he raises involves statutory construction; therefore, we review the trial court's decision de novo. *In re Paternity of S.J.J.*, 877 N.E.2d 826, 828 (Ind.Ct. App.2007). Our goal is to give effect to

---

1. Skolak also argues (1) that the evidence submitted by the State as to the amount of public assistance payments made was inadmissible hearsay, and (2) the issue of laches. Because we find the statute of limitations issue dispositive, we need not address the other issues.

2. As the State properly notes, Title IV–D refers to the Child Support Enforcement Pro-

gram of the Federal Social Security Act. *See* 42 U.S.C. § § 608–680 (2006). Affiliation with the program requires a parent to assign to the state his/her right to collect support payments. *See* 42 U.S.C. § 608(a)(3) (2006). Accordingly, the State becomes an active participant in proceedings to collect child support.

the legislature's intent, and our primary source for determining its intent is the language of the statute. *Id.*

The State initially concedes "that the statute of limitations has expired on Skolak's child support obligations that were due from 1984 through the first half of 1987." State's Br. at 8. This concession by the State results from its analysis under various statutes.

■ First, at the time of the 1984 divorce, the applicable statute of limitations provided that "a cause of action that (1) arises on or after September 1, 1982; and (2) is not limited by any other statute must be brought within ten (10) years." Ind. Code § 31–11–1–2. This statute was in effect until it was superseded on May 8, 1995. The general rule is that "the period of limitation in effect at the time the suit is brought governs in an action." *Connell v. Welty,* 725 N.E.2d 502, 506 (Ind.Ct.App. 2000). However, a "new statute of limitations cannot revive a claim which was foregone under the prior statute of limitations." *Id.* The statute of limitations in effect from March 2, 1984, the date of the dissolution decree, until May 8, 1995, provided that in order to seek enforcement of Skolak's child support obligations commencing on March 9, 1984, the State was required to file its action on or before May 8, 1995. It did not.

Effective May 8, 1995, the emergency measure initially found at Indiana Code section 34–1–2–1.6 was enacted. *See* P.L. 46–1995, SEC. 85. This specific statute of limitation was recodified in 1998 as Indiana Code section 34–11–2–10, and provides that "an action to enforce a child support obligation must be commenced not later than ten (10) years after: (1) the eigh-

teenth birthday of the child; or (2) the emancipation of the child; whichever occurs first." Thus, for child support obligations accruing after May 8, 1995, the action must have been brought within ten years of S.S.'s eighteenth birthday on September 4, 1996 [3]—*i.e.,* by September 4, 2006. Again, the State did not file its action until August 20, 2007, and the State concedes that "it appears that the State is barred by" this particular statute of limitations from pursuing the instant action. State's Br. at 9.

Nevertheless, the State argues that other statutory provisions allow the collection of "delinquent child support payments for twenty years after the delinquency accrues." *Id.* The State first directs our attention to Indiana Code section 31–16–16–2, initially enacted in 1987 and found in Title 31, concerning family law. Chapter 16 begins by stating that it "supplements other remedies available for the enforcement of a support order." I.C. § 31–16–16–1. Section two then states that a "payment that is: (1) required under a support order; and (2) delinquent; shall be treated as a judgment against the obligor for the delinquent amount." I.C. § 31–16–16–2. The State next directs our attention to Indiana Code section 34–11–2–12, which states that "[e]very judgment and decree of any court of record of the United States, of Indiana, or of any other state shall be considered satisfied after the expiration of twenty (20) years." The State then asserts that as a matter of law, an order for child support is "a judgment against the obligor for the delinquent amount," I.C. § 31–16–16–2, and that judgment is not "considered satisfied" until "after the expiration of twenty (20) years," I.C. § 34–11–2–12; thus, its argument concludes, the

---

**3.** There is no evidence that S.S. was emancipated before her eighteenth birthday.

State's action filed on August 20, 2007 is timely as to Skolak's child support arrearage that had accrued after August 20, 1987. We cannot agree.

We first note that the cases applying Indiana Code section 34–11–2–12 suggest that the provision is entirely separate from any assertion of a statute of limitation. *See Odell v. Green,* 72 Ind.App. 65, 122 N.E. 791 (1919); *Pensinger v. Jarecki Mfg. Co.,* 78 Ind.App. 569, 136 N.E. 641 (1922). Moreover, the section specifies a "judgment and decree of any court," I.C. § 34–11–2–12, language indicating that the underlying judgment had arisen from a trial court determination's of the amount of the judgment. Lacking such an underpinning, as in this case, we would be reluctant to apply the provision as the State argues.

■ We further note that when we engage in statutory construction, we attempt to read statutes in harmony with one another. *State v. Universal Outdoor, Inc.,* 880 N.E.2d 1188, 1191 (Ind.2008). The legislature expressly provided that by its placement in Chapter 16, Indiana Code section 31–16–16–2 was a "supplement[ ]" to "other remedies available for the enforcement of child support." I.C. § 31–16–16–1. The statute does not state that a payment required under a support order and delinquent is a judgment but that it is to be "treated as a judgment." I.C. § 31–16–16–2. Further, the statute does not state that such "treat[ment] as a judgment against the obligor for the delinquent amount," I.C. § 31–16–16–2, supersedes the requirement that an action brought to collect thereon comply with the applicable statute of limitation.

Indiana Code section 31–16–16–2 can be read in harmony with the requirement that "an action to enforce a child support obligation must be commenced not later than ten (10) years after: (1) the eighteenth birthday of the child; or (2) the emancipation of the child; whichever occurs first." I.C. 34–11–2–10. In the instant case, the State could have brought an action to "treat as a judgment" pursuant to Indiana Code 31–16–16–2 and enforce the collection of Skolak's delinquent child support at any time within the period provided by Indiana Code section 34–11–2–1, *i.e.,* before September 4, 2006, the date ten years after S.S.'s eighteenth birthday.[4]

The State has conceded that unless Indiana Code sections 31–16–16–2 and 34–11–2–12 apply so as to allow pursuit of its action to collect Skolak's child support arrearage after August 20, 1987, its action against Skolak is time-barred. Finding that the State's argument in that regard cannot prevail, we reverse the trial court's order.

Reversed.

FRIEDLANDER, J., concurs.

BARNES, J., concurs with separate opinion.

BARNES, Judge, concurring with separate opinion.

I concur with my colleagues' conclusion that Indiana Code Section 34–11–2–10 prohibits this attempt to collect the child support arrearage. Although it is not clear whether the State has attempted to collect this arrearage at an earlier date, Skolak points out that eighteen years have passed

---

4. Similarly, before May 8, 1995, the State could have brought an action to enforce the judgments as to Skolak's delinquent child support that had accrued from the date of the dissolution order until May 8, 1985. *See* I.C. § 34–11–1–2.

since the State's last payment to Linda. The record shows that Skolak suffered a stroke in 2001 and has not worked since then. He has no assets and draws $1,199 monthly from Social Security benefits.

I write simply to state that we should never reward evasion, subterfuge, or defiance when it comes to this most important duty of supporting one's children. I regret this outcome, but I agree with it legally.