**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 15 2014, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK S. LENYO**
South Bend, Indiana

ATTORNEY FOR APPELLEE:

**MARK F. JAMES**
Anderson, Agostino & Keller, P.C.
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| J.H., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1311-JP-459 |
| | ) | |
| J.K., | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Graham C. Polando, Special Judge
Cause No. 71J01-9812-JP-853

May 15, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

J.H. ("Mother") appeals the trial court's order that J.K. ("Father") pay $70 per month towards the college expenses of their nineteen-year-old daughter, K.K. ("Child"). Mother raises two issues for our review, which we consolidate and restate as whether the trial court abused its discretion when it ordered Father to pay $70 per month towards Child's educational expenses. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On September 8, 1994, Mother gave birth to Child out of wedlock. In August of 2000, Father established his paternity in Child. The court granted Mother custody of Child and ordered Father to pay weekly child support.

Child went on to earn a full-tuition scholarship to St. Mary's College. On July 12, 2013, shortly before Child's nineteenth birthday, Mother filed a petition with the trial court in which she asked the court to modify Father's support to assist with Child's college expenses. The court held a hearing on Mother's petition on November 4. At that hearing, Mother presented evidence that, while Child "remains at home and commutes to St. Mary's every day[,] . . . room and board at St. Mary's was $10,560.00 for the year," which Mother calculated to be $1,217 per month.[1] Transcript at 4. Mother also itemized the following monthly expenses: car insurance ($83); gas ($120); cell phone ($89); football tickets ($27); parking pass ($8); food pass ($41); clothing and toiletries ($75); books ($100); food at Mother's home ($200). In that same document, Mother proposed dividing Child's room and board costs equally between her and Father or equally

---

[1] How Mother calculated $10,560 per year to be equivalent to $1,217 per month is not clear.

between Mother, Father, and Child. See Appellant's App. at 22. In response, Father presented evidence that his net weekly income was $836 and his average weekly costs were $781.27.

On November 5, the trial court entered its order on Mother's petition. In relevant part, the court found and concluded as follows:

> Father did present credible evidence that his financial situation is difficult. Here, however, the Child has made such significant strides—earning a full scholarship to a well-respected private institution—that the Court finds that even minimal financial amounts would be a helpful contribution. . . .

> * * *

> Here, the Child has obtained "other sources of financial aid" to a very high degree, and [she] has presumably done so through her very high "aptitude and ability." While the Parties presented no evidence on whether she was working, she could presumably, even while taking a full course load, take on some employment to defray her expenses.

> * * *

> The Court . . . uses Mother's calculations of the Child's expenses, the most prominent and indisputably "educational" of which are those for books and on-campus "food pass" (as allowing the Child to eat on-campus promotes the collegiate experience and saves the Child from having to commute an additional time for lunch and other meals). The [C]hild having gone above and beyond in securing complete tuition, the Court finds that Mother and Father should share the approximately $140.00 expense for those two items equally. Father is therefore ordered to pay $70.00 per month for the Child's educational expenses.

Id. at 19-20. This appeal ensued.

## DISCUSSION AND DECISION

On appeal, Mother asserts that the trial court abused its discretion when it found that Father's financial situation is difficult, when it failed to consider Mother's financial situation, and when it found that only Child's books and food pass should be included as

3

educational expenses.  Indiana Code Section 31-16-6-2 provides that a court may order a parent to provide educational support for the parent's child.  In particular, that statute provides:

> (a) The child support order or an educational support order may also include, where appropriate:
>
>> (1) amounts for the child's education in elementary and secondary schools and at postsecondary educational institutions, taking into account:
>>
>>> (A) the child's aptitude and ability;
>>>
>>> (B) the child's reasonable ability to contribute to educational expenses through:
>>> (i) work;
>>> (ii) obtaining loans; and
>>> (iii) obtaining other sources of financial aid reasonably available to the child and each parent; and
>>>
>>> (C) the ability of each parent to meet these expenses . . . .

Ind. Code § 31-16-6-2.  It "is discretionary with the court to award post-secondary educational expenses and in what amount."  Hirsch v. Oliver, 970 N.E.2d 651, 661 (Ind. 2012) (quotation omitted).  Thus, our Supreme Court has stated that "[a]n appellate court reviews a trial court's decision to order the payment of post-secondary educational expenses for an abuse of discretion," and we will "affirm the trial court unless the decision is against the logic and effect of the facts and circumstances before the trial court."  Id. at 662.  In reviewing for an abuse of discretion, we will not reweigh the evidence before the trial court.  Levin v. Levin, 645 N.E.2d 601, 604 (Ind. 1994).

Mother first argues that the trial court erred when it found that Father's financial situation is difficult.  Specifically, Mother takes issue with Father's assessment of his

4

own finances and his inclusion of child support for additional children "he chose to have" in his list of expenses. Appellant's Br. at 11. Mother also asserts that Father's $131 weekly child support for Child had been terminated by the time the court entered its order for educational support and, as such, Father could have continued to pay that amount as educational support.

We cannot agree. First, these arguments are nothing more than requests for this court to reweigh the evidence before the trial court, which we will not do. The trial court expressly found Father's evidence regarding his financial condition "credible," and we are in no position to say otherwise. See Appellant's App. at 19. Second, a child support order is not equivalent to an educational support order. See I.C. § 31-16-6-6. There is no requirement for a trial court to impose an educational support order, see Hirsch, 970 N.E.2d at 661, and the trial court here did not abuse its discretion when it refused Mother's invitation to, in effect, roll the amount of the child support order over into an educational support order.

Mother next asserts that the trial court failed to consider her ability to meet the educational expenses when it entered its order. See I.C. § 31-16-6-2(a)(1)(C). But we agree with Father that Mother did not preserve this issue for appellate review by raising it below.[2] At no point during the hearing on her petition did Mother either present evidence of her income or argue that she lacked an ability to pay a portion of Child's educational expenses. Indeed, in her calculation of Child's expenses that she submitted to the court, Mother expressly divided Child's hypothetical room and board costs evenly between

---

[2] Insofar as Father asserts that Mother's other arguments are likewise waived, we disagree with Father.

Mother and Father and again between Mother, Father, and Child, for an amount attributable to Mother of $608 per month and $406 per month, respectively. Appellant's App. at 22. Thus, even if Mother had preserved this argument for appellate review, any error here was invited by Mother's representation that she could afford to pay at least $406 per month, which is well above the court's order for her to pay $70 per month.

Finally, Mother asserts that the trial court abused its discretion when it found that only Child's books and food pass should be included as educational expenses. As support, Mother notes that Child Support Guideline 8(b) lists various expenses that "will generally [be] include[d]," such as "tuition, books, lab fees, supplies, student activity fees, and the like." But nothing in this language obviates the trial court's discretion "to award post-secondary expenses and in what amount." Hirsch, 970 N.E.2d at 661. The trial court considered Mother's itemized list along with Child's ability to contribute by working during school and Father's financial situation. We cannot say that the trial court's assessment of what expenses to include in the educational support order or in what amount was an abuse of its discretion. Thus, we affirm the trial court's judgment.

Affirmed.

VAIDIK, C.J., concurs.

BROWN, J., concurs in result with separate opinion.

6

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| J.H., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1311-JP-459 |
| | ) | |
| J.K., | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

**BROWN, Judge, concurring in result**

I concur with the result reached by the majority given the deference we accord to trial court decisions in family law matters and the discretion afforded to trial courts in awarding post-secondary educational expenses, but do so reluctantly under these circumstances. Indiana Child Support Guideline 8(b) states that in awarding these expenses, the court "should apportion the expenses between the parents and the child" and that generally scholarships, grants, and student loans "should be credited to the child's share . . . ." Guideline 8(b) also states that educational costs may include "transportation, car insurance, clothing, entertainment and incidental expenses."

Here, Child obtained $39,500 in scholarships, grants, and student loans, which covered everything except a small list of expenses. Child made the decision to live with Mother and commute to school which significantly defrays the costs of college. Thus not

only have the vast majority of educational expenses already been apportioned to Child, but her choice to live at home serves to reduce the overall costs for all parties involved. However she must still get to school, requiring car insurance, gas, and a parking pass, totaling a very reasonable sum of $211 per month, and Mother was willing to pay half of that cost. The trial court's decision to exclude these expenses from its order strikes me as patently unfair; however given our standard of review, I feel constrained to concur in affirming the trial court. Cf. Schacht v. Schacht, 892 N.E.2d 1271, 1278-1279 (Ind. Ct. App. 2008) (holding that the court did not err "when it applied scholarships, grants, and awards to [the child's] one-third share of educational expense[s]" and ordered the mother to pay 28% and the father to pay 72% of the remaining expenses, which included $3,600 annually to cover expenses including "transportation, car insurance, clothing and incidental expenses").