**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**RANDY J. SPITAELS**
Kindig & Sloat, PC
Nappanee, Indiana

ATTORNEYS FOR APPELLEE:

**MATTHEW A. YEAKEY**
**JONATHAN R. SLABAUGH**
Sanders Pianowski, LLP
Elkhart, Indiana

FILED
Aug 29 2014, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JULIANNA EAGAN, formerly JULIANNA PACIORKOWSKI, | ) | |
| | ) | |
| Appellant- Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  20A03-1312-DR-493 |
| | ) | |
| CHRISTOPHER PACIORKOWSKI, | ) | |
| | ) | |
| Appellee- Respondent. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No. 20D02-0502-DR-98

**August 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Julianna Eagan ("Mother") appeals the trial court's determination that her daughter, J.P., repudiated her relationship with Christian Paciorkowski ("Father") and that Father was no longer obligated to pay J.P.'s educational expenses. Mother raises two issues for our review: whether the trial court erred in modifying and terminating its college expense order when Father did not present evidence of a substantial and continuing change in circumstance; and whether the trial court erred in finding J.P. had repudiated her relationship with Father. Concluding the trial court did not err, we affirm.

## Facts and Procedural History

J.P. was born in 1993 to Mother and Father. Mother and Father divorced in 2005, and Mother was granted custody of J.P. and her younger sister; Father was also granted parenting time. Father and J.P.'s relationship had its ups and downs, but their relationship seemed to be improving between May 2010 and March 2012. Father attended some football games where J.P. was cheerleading, took her senior pictures in the fall of 2011, and took her prom pictures in the spring of 2012. Father and J.P. spoke by telephone and text message during this time. One evening in March 2012, J.P. used Father's garage to prepare phonebooks for delivery for her part-time job and then spent the night. J.P. declined her father's invitation to return to his house for lunch the next day.

Mother invited Father to J.P.'s high school graduation, but rescinded that invitation at J.P.'s request. J.P. felt that her father had not helped her succeed to that point in her life, and he did not deserve to share in her accomplishment. The last time J.P. and Father

communicated was in March 2012 when J.P. was preparing the phonebooks in Father's garage.

On June 26, 2012, Mother, pro se, filed a Motion for Educational Support Order, requesting that Father be ordered to help pay for J.P.'s college expenses. On July 30, the court ordered Father to pay J.P.'s expenses in the amount of $1,686 for the 2012/2013 school year, with the 2013/2014 amount to be determined at a later date, based on the parties' ability to pay. Mother then filed a contempt petition in February 2013 alleging Father had failed to comply with the court's college expense order, among other things. The court heard arguments, then set a review hearing for July 15, 2013. Mother, in the interim, filed another Motion for Educational Support Order that was nearly identical to the one filed a year prior. At the July 15 hearing, the court found Father still owed Mother money for J.P.'s 2012/2013 school expenses, but continued determination on Mother's second motion to July 29, then August 16.

At the hearing, J.P. testified that Father's alcohol consumption had placed a strain on their relationship in the past, and that she would be willing to have more of a relationship with Father only if he stopped drinking. She also acknowledged that in the past she had expressed a desire not to have a relationship with Father. J.P. also admitted that not inviting Father to graduation was not based on Father's alcohol use. Mother also testified, stating J.P. had not spoken kindly of Father in the past, and that J.P. told her she did not want to have a relationship with him.

The court allowed the parties to submit additional authority after the hearing, then ruled on October 6, 2013, that J.P. had repudiated her relationship with Father and Father

had no obligation to pay J.P.'s education expenses incurred after August 13, 2013. Mother filed a motion to correct errors, and a motion for reconsideration of the ruling on the motion to correct errors, both of which were denied. Mother now appeals.

## Discussion and Decision

### I. Error in Modification of July 2012 Order

#### A. Standard of Review

We review a trial court's decision to order the payment of post-secondary education expenses for an abuse of discretion. Hirsch v. Oliver, 970 N.E.2d 651, 662 (Ind. 2012).

#### B. Substantial Change in Circumstances

Mother argues the trial court abused its discretion in terminating the educational support order because Father did not show a substantial change in circumstances to warrant termination or modification. See Ind. Code § 31-16-8-1(b); Svenstrup v. Svenstrup, 981 N.E.2d 138, 144-45 (Ind. Ct. App. 2012). Generally, orders for educational expenses are modifiable because they are in the nature of child support. Id. at 145. Mother believes Father "sought the modification and termination of the Trial Court's July 30, 2012 college expense order on the basis that J.P. had repudiated her relationship with him. The burden of establishing the requisite change in circumstances making the . . . college expense order unreasonable was on [Father]." Brief of Appellant at 14.[1] The record reflects it was actually Mother who sought the modification of the order, not Father, by filing her Motion

---

[1] Mother makes a preliminary argument that Father was barred from raising the defense of repudiation during the 2013 proceeding because it had been considered and rejected by the trial court during the 2012 proceeding. Mother raised this issue for the first time in her Motion for Reconsideration of Ruling on Motion to Correct Errors. "A party may not raise an issue for the first time in a motion to correct error or on appeal." Troxel v. Troxel, 737 N.E.2d 745, 752 (Ind. 2000). The issue is forfeited on appeal.

4

for Educational Support Order. Though Mother argues her motion should have been treated merely as a proactive request to fix the 2013/2014 amount in accordance with the July 30, 2012 order, Mother's motion did not request that treatment. Additionally, Father argued repudiation, not a substantial change in circumstances, in asking the trial court to deny Mother's request. Repudiation is a defense to an educational support order. Lovold v. Ellis, 988 N.E.2d 1144, 1150 (Ind. Ct. App. 2013). Father was not the party petitioning for a modification, so he was not required to prove a substantial change in circumstances; he only had to prove his defense of repudiation. The trial court did not abuse its discretion by not holding Father to this standard.

## II. Repudiation of Relationship

### A. Standard of Review

Mother also argues the trial court erred in finding J.P. repudiated her relationship with Father. We will set aside a trial court's findings of fact and conclusions only if they are clearly erroneous, "that is, if the record contains no facts or inferences supporting them." Norris v. Pethe, 833 N.E.2d 1024, 1032 (Ind. Ct. App. 2005). Findings are clearly erroneous when we are firmly convinced a mistake has been made. Lovold, 988 N.E.2d at 1150. We neither reweigh the evidence nor assess the credibility of witnesses; we instead consider only the evidence most favorable to the judgment. Svenstrup, 981 N.E.2d at 143. We will affirm a trial court's finding of repudiation as long as the record supports it. Lovold, 988 N.E.2d at 1151.

## B. J.P.'s Repudiation

A court may enter an educational support order for a child's post-secondary education under Indiana Code section 31-16-6-2(a)(1). Repudiation is a complete defense to such an order. McKay v. McKay, 644 N.E.2d 164, 168 (Ind. Ct. App. 1994). Repudiation occurs when a child completely refuses to participate in a relationship with his or her parent. Norris, 833 N.E.2d at 1033. When a child repudiates his or her relationship with a parent, the parent must be allowed to dictate the effect of the repudiation on the parent's contributions to college expenses. McKay, 644 N.E.2d at 166.

> The focus should be on the child's behavior as an adult: we certainly will not consider pre-majority attitudes and behavior, as we all recognize that the maturity and restraint which can be expected of adults is not appropriately applied to evaluate children. But to extend this parental amnesty beyond the age of majority would be irresponsible. By college age, children of divorced parents must be expected to begin to come to terms with the reality of their family's situation. They must begin to realize that their attitudes and actions are their individual responsibilities. Whatever their biases and resentments, while one can understand how they got that way, when they become adults it is no longer appropriate to allow them to stay that way without consequence.

Lovold, 988 N.E.2d at 1150 (quotations omitted).

Mother challenges the trial court's statement in its "Discussion and Order" which reads, "Although Father testified that he is no longer drinking, [J.P.] has not been moved by that declaration to resume a relationship with [Father]." Appendix of Appellant at 33. Mother correctly points out that Father did not testify at that hearing; rather, Mother testified Father told her he is no longer drinking. This was an error by the trial court, but it was not so great as for us to find the judgment clearly erroneous. J.P. testified she did not presently want a relationship with Father, and had made little to no effort to contact

Father after her eighteenth birthday. She did not feel Father deserved to be at her high school graduation because he had not helped her to be successful to that point in her life. Though Mother attempted to contact Father to discuss J.P., Mother's acts do not make up for lack of contact on J.P.'s part.

Mother's remaining arguments ask us to reweigh the evidence and judge J.P.'s credibility to instead find that J.P. is open to a continuing relationship with Father. This we cannot do. Svenstrup, 981 N.E.2d at 143. The evidence supports the trial court's finding of repudiation. It did not err when it determined J.P. repudiated her relationship with Father and Father was no longer obligated to pay J.P.'s educational expenses from August 13, 2013, forward.

<u>Conclusion</u>

Concluding the trial court did not err in finding J.P. repudiated her relationship with Father and terminating the college expense order, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.