T.C. Summary Opinion 2016-18

UNITED STATES TAX COURT

RICHARD A. EICHINGER AND DIANA SUAREZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25369-12S L.                         Filed April 21, 2016.

Richard A. Eichinger and Diana Suarez, pro sese.

<u>Mark J. Tober</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code, as amended and in effect at all relevant times.  All Rule references
are to the Tax Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case is before the Court on a petition for review of respondent's determination to sustain the filing of a notice of Federal tax lien relating to an assessment of income tax, as well as accrued penalties and interest, for 2009. See secs. 6320(c), 6330(d)(1).

The sole issue presented to the Court for decision at the trial of this case in December 2015 was whether petitioners are entitled to dependency exemption deductions for the three children of petitioner Richard A. Eichinger and his former wife Christel Eichinger.[2]

Background

Petitioners resided in the State of Florida at the time that the petition was filed with the Court.

---

[2] After a prior trial in May 2014 the Court decided that petitioners were not barred by sec. 6330(c)(2)(B) from challenging the existence or amount of the underlying liability for 2009 and remanded the case to the Internal Revenue Service (IRS) Appeals Office for further proceedings. The parties were not successful in settling the case, and it was therefore recalendared for trial at the Court's trial session in Tampa, Florida, in December 2015.

In a prior opinion in docket No. 9843-08 the Court upheld respondent's disallowance of, inter alia, petitioner Richard A. Eichinger's claim of dependency exemption deductions for 2006 for children he had with his former wife Christel Eichinger. Eichinger v. Commissioner, T.C. Memo. 2010-123.

Petitioner Richard A. Eichinger (Mr. Eichinger) married Christel Eichinger in July 1989. The couple had three children, a daughter born in 1989, a second daughter born in 1993, and a son born in 1996 (collectively, the three children; individually, the older daughter, the younger daughter, and the son).

In March 1999 when the family was living in Ft. Wayne, Indiana, Mr. Eichinger and Christel Eichinger separated, at which time Christel Eichinger filed a petition for dissolution of marriage in the Circuit Court for Allen County, Indiana (circuit court).[3] In 2001 the circuit court entered its decree of dissolution of marriage.[4] After making exhaustive findings regarding the fitness of each parent, the circuit court expressly concluded that an award of joint legal custody would not be in the best interest of the three children and granted Christel Eichinger sole legal custody of the three children.

Christel Eichinger continued to live in Ft. Wayne, Indiana, after the divorce with the three children. Mr. Eichinger also continued to live in the area for a while but later moved to Ohio; in 2008 he relocated to Orlando, Florida, where he has lived ever since.

---

[3] The county seat of Allen County, as well as the largest city, is Ft. Wayne.

[4] Mr. Eichinger challenged the decree but was not successful.

During 2009 the Eichingers' older daughter lived with her mother Christel Eichinger in Ft. Wayne, Indiana, and attended college full time as a day student at Saint Francis University in Ft. Wayne. During 2009 the Eichingers' younger daughter and son also lived with their mother Christel Eichinger in Ft. Wayne and attended public school (high school and middle school, respectively) in Ft. Wayne.

One or more of the children visited Mr. Eichinger in Orlando, Florida, during 2009, but the time each child spent with him during these visits was less than the time that any of the children spent living with their mother Christel Eichinger in Ft. Wayne, Indiana.

At all relevant times the three children received most of their support from their parents.[5] Also at all relevant times the three children lived with one or the other of their parents throughout the year.

In 2009 Mr. Eichinger and petitioner Diana Suarez (collectively, petitioners) were married, and they filed a joint income tax return for that year. On their return petitioners claimed dependency exemption deductions for Mr. Eichinger's three children by his former wife Christel Eichinger. Petitioners did not attach to their return a Form 8332, Release/Revocation of Release of Claim to Exemption for

---

[5] Mr. Eichinger provided support generally through court-ordered payroll deductions.

Child by Custodial Parent, or a similar written statement, signed by Christel Eichinger, as Christel Eichinger never executed such a form or a similar written statement.[6]

An examination of petitioners' 2009 return concluded with the issuance of a notice of deficiency in which respondent disallowed the dependency exemption deductions for the three children. Although properly mailed, the notice of deficiency was not actually received by petitioners in time for them to commence an action for redetermination. Accordingly, respondent assessed the deficiency and sent petitioners notice and demand for payment. When the amount owing was not paid, respondent filed a notice of Federal tax lien and sent petitioners a notice of lien filing. Petitioners responded by filing a request for administrative review. Ultimately, the IRS Appeals Office sustained the filing of the lien and sent petitioners a notice of determination. Petitioners then timely commenced the instant action.

## Discussion

The Court decides the disputed issue in this case de novo, see Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176,

---

[6] It would appear from the record that Mr. Eichinger never asked Christel Eichinger to execute a Form 8332 or a similar written statement, perhaps because their relationship remained acrimonious after their divorce.

181-182 (2000), and, on the record presented, without regard to the burden of proof, see Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); cf. sec. 7491(a).  In so doing, the Court is mindful of the fundamental principles articulated by the U.S. Supreme Court that deductions are a matter of legislative grace and a taxpayer must therefore be entitled under law to any deduction claimed on a tax return.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

In computing taxable income section 151(c) allows as a deduction an exemption for each dependent of a taxpayer.  Section 152(a) defines the term "dependent" to mean either a "qualifying child", see sec. 152(a)(1), (c), or a "qualifying relative", see sec. 152(a)(2), (d), of the taxpayer.  In order to be a taxpayer's qualifying child, an individual must:  (A) bear a specified relationship to the taxpayer; (B) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (C) meet certain age requirements; (D) have not provided more than one-half of his or her own support for the year; and, if married, (E) have not filed a joint return (other than only for a claim of refund) with his or her spouse.  Sec. 152(c)(1).  The term "qualifying relative" means an individual:  (A) who bears a specified relationship to the taxpayer; (B) whose gross income is less than the exemption amount; (C) with respect to whom the

taxpayer provides over one-half of the individual's support; and (D) <u>who is not a qualifying child of the taxpayer or of any other taxpayer</u>. Sec. 152(d)(1)(D).

During 2009 the Eichingers' three children attended school and resided with their mother Christel Eichinger in Ft. Wayne, Indiana, for most of the year. Thus, the three children did not have the same principal place of abode as Mr. Eichinger and, for that reason, were not his qualifying children under section 152(c)(1) for 2009. <u>See</u> sec. 152(c)(1)(B). Nor were the three children the qualifying relatives of Mr. Eichinger under section 152(d)(1) for 2009, as the three children were the qualifying children of Christel Eichinger for that year. <u>See</u> secs. 152(c)(1), (d)(1)(D).

Notwithstanding the foregoing, a special rule exists in the case of parents who are divorced or separated or who live apart at all times during the last six months of the calendar year. This special rule is set forth in section 152(e) and serves to determine which parent is entitled to a dependency exemption deduction for a child. Thus, under section 152(e)(1) and as relevant herein, a child who is in the custody of one or both of the child's parents for more than one-half of the calendar year and who receives more than one-half of his or her support for the year from his or her parents is considered the qualifying child of the noncustodial parent if (1) the custodial parent signs a written declaration that she will not claim

such child as a dependent and (2) the noncustodial parent attaches the written declaration to his return. Sec. 152(e)(2); sec. 1.152-4(b), Income Tax Regs.; see Miller v. Commissioner, 114 T.C. 184, 190-191 (2000), aff'd sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).

For purposes of section 152(e), the term "custodial parent" means the parent having custody for the greater portion of the calendar year, whereas the term "noncustodial parent" means the parent who is not the custodial parent. Sec. 152(e)(4). Applicable regulations expand on the meaning of these terms. Thus, section 1.152-4(d)(1), Income Tax Regs., provides in pertinent part as follows:

> (d) Custodial parent--(1) In general.--The custodial parent is the parent with whom the child resides for the greater number of nights during the calendar year, and the noncustodial parent is the parent who is not the custodial parent. A child is treated as residing with neither parent if the child is emancipated under state law. For purposes of this section, a child resides with a parent for a night if the child sleeps--
> (i) At the residence of that parent (whether or not the parent is present); or
> (ii) In the company of the parent, when the child does not sleep at a parent's residence (for example, the parent and child are on vacation together).

Clearly as to the minor children, i.e., the younger daughter and the son, Christel Eichinger was the custodial parent, having both legal custody as well as physical custody for more than one-half of the year. Presumably she never released her

claim to exemption pursuant to section 152(e)(2), as petitioners never attached to their return any Form 8332 or similar written statement. Under these circumstances it follows that petitioners are not entitled to dependency exemption deductions for Mr. Eichinger's younger daughter and son. See sec. 152(e)(2).

Insofar as the older daughter is concerned, she may have been an "adult" in 2009. See Ind. Code Ann. sec. 1-1-4-5(1) (LexisNexis 2012). However, given that she was both under 21 years of age in 2009 and a full-time university day student who lived at home with her mother Christel Eichinger during that year, it would appear that the older daughter was not emancipated under Indiana law. See id. sec. 31-16-6-6 (LexisNexis 2007 & Supp. 2015) (before its amendment effective July 1, 2012, lowering the operative age from 21 years to 19 years); Hirsch v. Oliver, 970 N.E.2d 651 (Ind. 2012). Thus, for 2009 Christel Eichinger would have been the custodial parent. See sec. 152(e)(4)(A); sec. 1.152-4(d)(1), Income Tax Regs. Accordingly, given the absence of any Form 8332 or similar written statement, petitioners would not be entitled to a dependency exemption deduction for Mr. Eichinger's older daughter.[7] See sec. 152(e)(2).

---

[7] On the other hand, even if the older daughter were emancipated in 2009, thereby rendering the special rule of sec. 152(e) inapplicable, Kaechele v. Commissioner, T.C. Memo. 1992-457; see sec. 1.152-4(g), (Example) (6), Income Tax Regs., petitioners would still not be entitled to a dependency exemption

(continued...)

On brief petitioners argue that they provided more than one-half of the support (through court-imposed impounds of Mr. Eichinger's salary) for the three children in 2009. However, the Court need not consider whether the evidentiary record would support such a finding of <u>fact</u> because the matter is irrelevant as a matter of <u>law</u>. Thus, as previously discussed, for a noncustodial parent such as Mr. Eichinger the touchstone for decision is whether the custodial parent executed a Form 8332 (or a similar written statement) and whether the noncustodial parent then attached such form (or statement) to his return.[8] <u>See id.</u>

Finally, petitioners argue that "The taking of additional tax from Eichinger & Suarez who are entitled to dependency deductions for all of the children they support amounts to a harsh and oppressive unconstitutional taking of their property." But, as previously stated, the U.S. Supreme Court has made clear for many years that deductions are a matter of legislative grace and a taxpayer must

_____

[7](...continued)
deduction because Mr. Eichinger's older daughter did not have the same principal place of abode as petitioners for more than one-half of the year, <u>see</u> sec. 152(c)(1)(B), and she was still the qualifying child of Christel Eichinger, <u>see</u> 152(d)(1)(D). See <u>sec.</u> 1.152-4(g), Example 6, Income Tax Regs., indicating that if sec. 152(e) and 1.152-4, Income Tax Regs., do not apply, then whether an individual is qualifying child or a qualifying relative is determined under sec. 152(c) or (d).

[8] To the extent that sec. 152(e)(2) might not be applicable, <u>see</u> <u>supra</u> note 7, the child's principal place of abode becomes determinative.

therefore be entitled under law to any deduction claimed on a tax return.

INDOPCO, Inc. v. Commissioner, 503 U.S. at 84; New Colonial Ice Co. v.

Helvering, 292 U.S. at 440. In that regard, this Court stated as follows in a case

remarkably similar to the instant one:

> Congress created several objective tests in section 152. These tests draw bright lines, and without these tests there would need to be rules that are sensitive to a wide variety of family circumstances. Such rules would be difficult to craft and hard for the Commissioner and the Courts to administer and would likely require Government intrusion into delicate family issues.

> The Court is required to apply the law as passed by Congress, and the rules of section 152(c), (d), and (e) are explicit. Section 152 prevents a parent in petitioner's circumstances from claiming a dependency exemption deduction, irrespective of the amount of financial support he provided his children.

Walters v. Commissioner, T.C. Memo 2012-230, at *5. Further, the Walters

opinion was cited with approval by the Court in George v. Commissioner, 139

T.C. 508, 518-519 (2012), which went on to add the following: "Our obligation to

follow the statute as written applies whether the resulting disadvantage is suffered

by a custodial parent who executed a Form 8332 but bore an undue and

unintended burden of child support, or is instead suffered by a noncustodial parent

who bore the burden of child support but did not receive an executed Form 8332.

See Armstrong v. Commissioner, 139 T.C. 468 (2012) [, aff'd, 745 F.3d 890 (8th Cir. 2014]."

## Conclusion

In order to give effect to our disposition of the sole disputed issue,

Decision will be entered

for respondent.